## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENEVA PHARMACEUTICALS TECHNOLOGY CORP., | ) ) | SUBPOENA IN A CIVIL CASE |
| Plaintiff, | ) ) | Case No.: Misc. _____ |
| -against- | ) ) | Case Pending: Southern District of New York |
| BARR LABORATORIES, INC., BRANTFORD CHEMICALS INC., BERNARD C. SHERMAN, APOTEX HOLDINGS, INC., APOTEX, INC., and SHERMAN DELAWARE, INC., | ) ) ) ) ) ) ) | Case No. 98 Civ. 861 Case No. 99 Civ. 3687  (Consolidated) |
| Defendants. | ) ) | |
| APOTHECON, INC., | ) | |
| Plaintiff, | ) ) | |
| -against- | ) ) | |
| BARR LABORATORIES, INC., BRANTFORD CHEMICALS INC., BERNARD C. SHERMAN, APOTEX HOLDINGS INC., APOTEX INC., and SHERMAN DELAWARE, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### BRANTFORD CHEMICAL INC.'S MOTION TO COMPEL E.I. DU PONT DE NEMOURS & COMPANY TO COMPLY WITH SUBPOENA

Now comes Defendant Brantford Chemicals Inc. ("Brantford") and hereby moves this Court to grant its Motion to Compel E.I. du Pont de Nemours & Company ("E.I. du Pont") to comply with the September 6, 2005, subpoena *duces tecum* issued to E.I. du

Pont to produce documents regarding its participation in the market for warfarin sodium crystalline clathrate. In support, Brantford states as follows:

1.  On September 6, 2005, Brantford issued a subpoena *duces tecum* to E.I. du Pont to produce documents in connection with the above-captioned matter pending in the United States District Court for the Southern District of New York. Brantford's subpoena to E.I. du Pont, which is not a party to the New York action, contains five (5) document requests. E.I. du Pont has neither timely served Brantford with any objections to the subpoena, nor has E.I. du Pont produced any documents in response to the subpoena.

2.  By failing to object to Brantford's subpoena in a timely manner, E.I. du Pont has waived its right to object to the enforcement of the subpoena.

3.  Pursuant to District of Delaware Local Rule 7.1.1, Brantford has made a good faith effort in attempting confer with E.I. du Pont regarding the subpoena. Over the course of the past several weeks, counsel for Brantford engaged in several telephone conferences with a paralegal in the legal office of E.I. du Pont in an effort to obtain E.I. du Pont's compliance with Brantford's subpoena.

4.  During the first round of discovery in the underlying litigation, Brantford issued a subpoena to E.I. du Pont on September 17, 1999, and issued a subpoena to DuPont Pharmaceuticals Company ("DuPont Pharma") (the pharmaceutical division of E.I. du Pont that manufactured and marketed warfarin sodium tablets under the brand name Coumadin®) on August 31, 2000. Brantford and DuPont Pharma entered into a letter agreement to resolve the 1999 and 2000 subpoenas. With respect to its current

subpoena, Brantford provided to E.I. du Pont copies of the 1999 and 2000 subpoenas and the prior letter agreement between Brantford and DuPont Pharma.

5.  E.I. du Pont has asserted that the prior letter agreement between Brantford and DuPont Pharma (which has been dissolved and no longer exists) precludes Brantford from obtaining discovery from E.I. du Pont with its current subpoena. Brantford advised E.I. du Pont that the prior letter agreement was specifically limited to DuPont Pharma and that the letter agreement does not preclude Brantford from issuing another subpoena to E.I. du Pont. E.I. du Pont ignored Brantford's letter and, to date, has ceased communicating with Brantford's counsel.

6.  The document requests in Brantford's subpoena are likely to lead to the discovery of admissible evidence regarding the warfarin sodium crystalline clathrate market.

7.  Specifically, E.I. du Pont's role in the clathrate market is relevant to the Plaintiffs' claim that Brantford monopolized the clathrate market. Brantford's first four document requests are narrowly tailored to obtain information relating to E.I. du Pont's actual and potential ability to manufacture and sell warfarin sodium crystalline clathrate.

8.  Brantford's fifth document request is relevant to E.I. du Pont's dealings with other actual and potential manufacturers of warfarin sodium tablets and is likely to lead to the discovery of admissible evidence regarding Plaintiffs' claims that Brantford and Barr Laboratories, Inc. monopolized the warfarin sodium market.

9.  Finally, the prior letter agreement between Brantford and DuPont Pharma does not preclude Brantford from obtaining discovery from E.I. du Pont with its current subpoena. First, the letter agreement was specifically between Brantford and DuPont Pharma; E.I. du Pont was not party to the agreement. DuPont Pharma, the party to the agreement, has been dissolved and no longer exists. Second, the agreement relates to the satisfaction of the 1999 and 2000 subpoenas and the sufficiency of DuPont Pharma's response to those subpoenas.

WHEREFORE, Brantford moves this Court for an order requiring E.I. du Pont to produce the documents responsive to the subpoena *duces tecum*, awarding Brantford its reasonable expenses, including attorney's fees, incurred in obtaining the relief requested herein, and granting Brantford such other relief as is just and proper.

Dated: December 6, 2005

Respectfully submitted,

*/s/ Diane J. Bartels*
Diane J. Bartels (DE Bar No. 2530)
1807 North Market Street
Wilmington, DE 19802-4810
Telephone: (302) 656-7207
Fax: (302) 656-7208

Michael. J. Gaertner (MG-4713)
John F. Kloecker (JK-9518)
LORD, BISSELL & BROOK LLP
115 South LaSalle Street
Chicago, IL 60603
Telephone: (312) 443-1722
Fax: (312) 896-6722

David G. Greene (DG-4163)
LORD, BISSELL & BROOK LLP
885 Third Avenue, 26th Floor
New York, New York 10022
Telephone: (212) 812-8340
Fax: (212) 947-1202

Attorneys for Defendant
Brantford Chemicals Inc.