# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
INVAMED, INC.,

        Plaintiff,

  - against -

BARR LABORATORIES, INC.,
BRANTFORD CHEMICALS INC.,
BERNARD C. SHERMAN, APOTEX
HOLDINGS, INC., APOTEX, INC.
and SHERMAN DELAWARE, INC.,

        Defendants
------------------------------x



**CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER**

**98 Civ. 861 (RWS)**

    WHEREAS, the parties hereto have negotiated in good faith in an effort to agree upon the terms and conditions of a stipulation and order governing the discovery of confidential information and documents in the captioned action, and

    WHEREAS, the parties have been able to agree on all such terms and conditions except that defendant Barr Laboratories, Inc. ("Barr") and plaintiff are in disagreement about whether in-house counsel who are actively involved in the litigation of this action are to have access to information and documents which are designated "Highly Confidential" (in accordance with the terms set forth below), and

    WHEREAS, Barr objects to the execution and entry of this Stipulation and Order because it does not provide for access by in-house counsel who are actively involved in the litigation to information and documents which are designated "Highly Confidential", and

WHEREAS, the parties recognize that failing to enter into a stipulation and order governing the discovery of confidential information and documents at this time will unduly delay the discovery process, and

WHEREAS, Barr has, therefore, agreed to the execution and submission for entry by the Court of this Stipulation and Order (1) in an effort to expedite the discovery process and (2) subject to its rights pursuant to ¶ 16 below which has been inserted herein at Barr's specific instance and request,

NOW THEREFORE, in consideration of the premises and the mutual covenants set forth below, it is hereby stipulated and agreed by and among the undersigned counsel for the parties hereto as follows:

1. Documents and information sought, produced, or exhibited by and between the parties to the captioned action may be designated by the party supplying such documents or information (the "supplying party") as "Confidential" and if so designated may be examined only by the attorneys of record for the parties hereto (the "attorneys of record"), members, associate attorneys, and others in the regular employ of the attorneys of record, independent experts, Court personnel, including stenographic reporters, engaged in the proceedings herein, and personnel of the parties hereto. No other person shall have access to

2

"Confidential" information except as provided for in Paragraphs 3, 5 and 6 hereof.

2. Confidential documents or information which are further designated as "Highly Confidential" may be examined only by the attorneys of record, members, associate attorneys, and others in the regular employ of the attorneys of record, independent experts, and Court personnel, including stenographic reporters, engaged in the proceedings herein. Except as otherwise provided in this Stipulation and Order, no other persons shall have access to "Highly Confidential" documents or information.

3. Notwithstanding anything to the contrary in Paragraphs 1 and 2 hereof, "Confidential" or "Highly Confidential" documents or information may be disclosed to persons who generated, sent or received such documents in the normal course of business.

4. The parties may designate documents or information as "Confidential" or "Highly Confidential" after having provided access thereto to an opposing party without first having made such a designation as long as the designation is made promptly after the documents or information were provided to an opposing party. In the event that such designated documents or information have been disseminated to persons not entitled to access to such documents or information pursuant to this Stipulation and Order, the attorneys for the party who received such documents or

3

information shall make her/his best efforts to retrieve all such documents, to preclude the further dissemination of such documents or information and to prevent the unauthorized use of such documents or inf.

5. The attorneys of record shall have the right to object to the designation of any documents or information as "Confidential" or "Highly Confidential" by serving such objection upon the supplying party's counsel, and such counsel shall then confer in an attempt to resolve any differences thereof. In the absence of such resolution, if the objecting attorney of record wishes to pursue the objection or objections any further, he shall, upon notice to opposing counsel, request that the Court hear the arguments of counsel and issue a binding determination as to the designation or any limitation thereon. The supplying party will have the burden of establishing the need for designating any documents or information as "Confidential" or "Highly Confidential." However, any documents or information designated "Confidential" or "Highly Confidential" shall be treated as such unless the designation is altered by the supplying party or by Order of the Court.

6.a. If the attorneys of record intend to use any "Confidential" or "Highly Confidential" documents or information in pretrial proceedings, including but not limited to

4

depositions, at which persons who are not authorized within the meaning of this Order to examine such documents or information may be in attendance, written identification of the documents or information sought to be used and written identification of the persons who may be present and to whom disclosure may be made during such proceeding will be served on counsel for the supplying party not less than seven (7) days in advance of the proposed use except as otherwise agreed by counsel.  If the supplying party's counsel serves an objection to the proposed use or the untimely notice thereof upon the attorneys of record and the objection is not resolved informally, either party may, upon notice to the other party, request that the Court hear the arguments of counsel and issue a binding determination as to the requested disclosure or any limitation thereon. Service of the supplying party's objection will automatically stay the proposed disclosure until the resolution of any objection by the agreement of the parties or the determination of the Court.

b. Notwithstanding anything to the contrary in Paragraph 6.a. hereof, counsel shall not be required to identify in advance of a deposition "Confidential" or "Highly Confidential" documents or information which counsel intends to use in the deposition if the deponent is an employee or representative of the party which

5

supplied the "Confidential" or "Highly Confidential" documents or information.

7. "Confidential" or "Highly Confidential" documents or information may be disclosed to individuals other than those specified in Paragraphs 1, 2, 3 or 6 hereof only upon thirty (30) days prior written notice from an attorney of record to the supplying party's counsel, providing the identity, function, title, profession or other capacity of such other individual, and his or her business address. As to any such individual so designated, the supplying party's counsel may serve an objection to such disclosure upon the attorneys of record, and such counsel shall then confer in an attempt to resolve any differences with regard thereto. In the absence of such resolution, if the attorney of record concerned wishes to pursue the disclosure in question, he shall seek an Order of the Court permitting such disclosure, which shall be granted only upon the showing that good cause exists for such disclosure. The proposed disclosure may proceed only in the event no objection is served within thirty (30) days after notice of the disclosure is given, or pursuant to Court Order in the event that a satisfactory resolution has not been acknowledged by agreement between the respective counsel in the manner described herein.

6

8. Each individual whom an attorney of record intends to permit to examine "Confidential" or "Highly Confidential" documents or information, pursuant to the provisions of Paragraphs 6 and 7 herein, and each independent expert whom an attorney of record intends to permit to examine "Confidential" or "Highly Confidential" documents or information, shall execute an agreement in the form attached hereto as Exhibit 1 which agreement precludes any such person from divulging any documents or information which may be provided to her/him if such documents or information have been designated as "Confidential" or "Highly Confidential." The attorney of record concerned shall submit an executed copy of such agreement to the supplying party's counsel at the time such attorney of record gives the supplying party's counsel the notice required by Paragraphs 6 and 7.

9. Any individual obtaining access to "Confidential" or "Highly Confidential" documents or information shall not reveal same, including but not limited to, any copies thereof, or the existence or the contents of such documents or information, or any summary or part thereof, to anyone other than an individual authorized hereby to have access to such documents or information, and shall not utilize such documents or information for any purpose other than the conduct of this litigation.

7

10. The documents and other information which are subject to this Confidentiality Order shall be used only in the prosecution or defense of this action, and shall not be used for any other purpose whatsoever.

11. Any confidential documents or information, including transcripts or depositions and exhibits thereto containing documents designated, or relating to, "Confidential" or "Highly Confidential" documents or information, which may be filed with the Court, shall be filed under seal and kept in camera. Within thirty (30) days following a final disposition of this lawsuit, upon the request of the supplying party, the attorneys of record shall assemble and collect all documents designated or containing "Confidential" or "Highly Confidential" documents or information, and shall return all such information to the supplying party's counsel, except that the attorneys of record shall return or destroy any attorney's work product which contains "Confidential" or "Highly Confidential" documents or information.

12. The final disposition of this lawsuit shall not relieve any individual obtaining access to "Confidential" or "Highly Confidential" documents or information from the obligations of this Confidentiality Order, unless the Court orders otherwise.

13. Any party may use any document or information at the trial of this matter without regard to its having been designated

8

"Confidential" or "Highly Confidential" and without permission of
the supplying party. However, the foregoing in no way precludes
any party from advancing objections to the introduction at trial
of any such document or information.

14. The restrictions set forth in this Stipulation and Order
shall not apply to:

a. any document or information which at the time of
disclosure is available to the public;

b. any document or information which after disclosure
becomes available to the public through no act, or failure to
act, of a receiving party, its counsel or any person to whom a
receiving party disclosed the document or information in
accordance with the provisions of this Stipulation and Order;

c. any document or information which a receiving party,
its counsel or any person to whom a receiving party disclosed the
document or information in accordance with the provisions of this
Stipulation and Order, can show: (i) was developed independently;
(ii) was provided to a receiving party by a third party having
the right to disclose the document or information; or (iii) was
otherwise obtained by a receiving party by other legal means
which do not violate this Stipulation and Order.

15. This Stipulation and Order shall be without prejudice to
the right of any party to oppose the production of documents or

9

information on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. The existence of this Stipulation and Order shall not constitute a basis for discovery not otherwise available pursuant to the Federal Rules of Civil Procedure. A party notified by the producing party of inadvertent production of privileged material shall return all copies of such material to the producing party within seven (7) days of the receipt of notification of the inadvertent disclosure unless the receiving party disputes the claim of privilege or the claim that the disclosure was inadvertent. In the event of such dispute, the burden shall be on the receiving party to seek a ruling from the Court before the disputed materials may be used in any way. Any such request for a ruling shall be made within fourteen (14) days after notification of the inadvertent disclosure or within such other time as may be agreed upon. Failure to seek a ruling within such time shall require the return of the disputed materials. In the event of such a dispute, the materials shall be treated as "Highly Confidential" pursuant to the provisions of this Stipulation and Order pending a resolution of the dispute. In the event that prior to notification of inadvertent production by the producing party, such disputed materials have been disseminated to persons other than the attorneys for the receiving party, the attorneys for the

10

party who received  ch disputed materials sha.. make her/his best efforts to retrieve all such disputed materials, to preclude the further dissemination of such disputed materials and to prevent the use of such disputed materials until the dispute over such materials is resolved.

16. The parties' execution of this Stipulation is without prejudice to any party seeking a modification hereof. Specifically, it is without prejudice to an application by defendant Barr Laboratories, Inc. to permit their in-house counsel who are actively involved in the litigation of this action to have access to "Highly Confidential" material.

17. Until such time as this Stipulation and Order has been entered by the Court, the parties agree that upon execution by the parties it will be treated as though it had been entered.

18. This Stipulation may be executed in two or more counterparts.


Dated: New York, New York          ROSEN, PREMINGER & BLOOM
       August 21, 1998

                                   By: _____
                                       David S. Preminger (DP 1057)
                                       67 Wall Street
                                       New York, NY 10005
                                       (212) 962-5858

                                   Attorneys for Plaintiff

                                       11

Exhibit 1

Dated: New York, New York          LAW OFFICE OF FREDERICK R. DETTMER
       August 2 , 1998

                                   By: _Frederick R. Dettmer/so_
                                       Frederick R. Dettmer (FD/2426)
                                       292 Madison Avenue
                                       New York, NY 10017
                                       (212) 686-8224

                                       Attorneys for Plaintiff

Dated: Chicago, Illinois           WINSTON & STRAWN
       August   , 1998             Attorneys for Defendant
                                   Barr Laboratories, Inc.

                                   By: _Kurt Schultz/ark_
                                       Kurt L. Schultz (KL 9347 )
                                       35 West Wacker Drive
                                       Chicago, IL 60601
                                       (312) 558-5600

Dated: Chicago, Illinois           LORD, BISSELL & BROOK
       August   , 1998             Attorneys for Defendants
                                   Other than Barr Laboratories, Inc.

                                   By: _Hugh L. Moore_
                                       Hugh L. Moore (HM 7148)
                                       115 La Salle Street
                                       Chicago, IL 60603
                                       (312) 443-0700

SO ORDERED: New York, New York
            August  , 1998  Sept. 14

_____
            U.S.D.J.

                                   12