# EXHIBIT D

Case 1:05-mc-00240-KAJ     Document 3-5     Filed 12/06/2005     Page 1 of 3

# LORD, BISSELL & BROOK

115 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603

(312) 443-0700
CABLE: LOWIRCO CGO
TELEX: 25-3070
FACSIMILE: (312) 443-0336

LOS ANGELES OFFICE
300 SOUTH GRAND AVENUE, 8TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3000
(213) 485-1500
FACSIMILE: (213) 485-1200

ATLANTA OFFICE
ONE ATLANTIC CENTER
1201 W. PEACHTREE STREET, SUITE 3700
ATLANTA, GEORGIA 30309
(404) 870-4600
FACSIMILE: (404) 872-5547

NEW YORK OFFICE
ONE PENN PLAZA, SUITE 1886
NEW YORK, NEW YORK 10119
(212) 947-4500
FACSIMILE: (212) 947-1202

LONDON OFFICE
LLOYD'S, SUITE 990
ONE LIME STREET
LONDON EC3M 7DQ ENGLAND
0171-357-4844
FACSIMILE: 0171-929-2250

October 20, 2000

MICHAEL J. GAERTNER
(312) 443-1733

## VIA TELECOPIER

Adam L. Hoeflich
Bartlit, Beck, Herman, Palenchar & Scott
54 West Hubbard Street
Chicago, IL 60610

Re: *Geneva Pharmaceuticals Technology Corp. v. Barr Laboratories, Inc., et al.*
Index No. 98 Civ. 861 (RWS)
*Apothecon, Inc. v. Barr Laboratories, Inc., et al.*
Index No. 99 Civ. 3687 (RWS)
United States District Court for the Southern District of New York

Dear Adam:

This will confirm our agreement to resolve Brantford's two subpoenas to E.I. duPont deNemours & Co. ~~(DuPont)~~.

The company ~~DuPont~~ objected to each of Brantford's subpoenas on numerous grounds, including their breadth and the burden they placed on ~~DuPont~~ the company. Pharmaceuticals (DuPont)

DuPont has agreed to make a production of documents to Brantford. Brantford has agreed that the production is sufficient to satisfy the document requests contained in the subpoenas.

As to the requirements in the subpoenas for deposition testimony, DuPont will present the necessary witness(es) at deposition(s) to provide authentication and foundation testimony for any documents produced by DuPont to the extent DuPont properly can do so. Brantford has agreed that this testimony is sufficient to satisfy the deposition requests contained in the subpoenas. In the event that the parties can reach an appropriate affidavit or stipulation to address the authentication and foundation for the documents, Brantford has agreed to accept the affidavit and/or stipulation in lieu of deposition testimony.

DuPont will provide Brantford with an affidavit on the following issues: (1) DuPont's relationship with Chemoswed, (2) the amount of Chemoswed's output of bulk warfarin sodium crystalline clathrate to the United States during 1995-98, (3) whether Chemoswed offered crystalline

LORD, BISSELL & BROOK

Adam L. Hoeflich
October 20, 2000
Page 2

warfarin sodium for sale between 1995-98 and at what price, (4) whether bulk warfarin sodium crystalline clathrate produced by Chemoswed was made in accordance with USP XXIII and FDA good manufacturing practices at an inspected and approved manufacturing facility; and (5) whether Chemoswed had the capacity to produce bulk warfarin sodium crystalline clathrate in excess of its actual output to the U.S. during 1995-98 and in what amount.

If this case goes to trial, DuPont will present a witness at trial to testify to those facts set forth in the affidavit at an agreeable time during trial consistent with the schedule set by the Court. Brantford agrees on its behalf, and on behalf of Barr, that no additional documents or testimony will be sought from DuPont.

Best regards.

Very truly yours,

Michael J. Gaertner

MJG/smk

AGREED

Adam Hoeflich Attorney for
~~for E.I. duPont deNemours & Co.~~
DuPont Pharmaceuticals Co.