IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| GENEVA PHARMACEUTICALS TECHNOLOGY CORP., <br><br> Plaintiff, <br><br> -against- <br><br> BARR LABORATORIES, INC., BRANTFORD CHEMICALS INC., BERNARD C. SHERMAN, APOTEX HOLDINGS, INC., APOTEX, INC., and SHERMAN DELAWARE, INC., <br><br> Defendants. <br><br> APOTHECON, INC., <br><br> Plaintiff, <br><br> -against- <br><br> BARR LABORATORIES, INC., BRANTFORD CHEMICALS INC., BERNARD C. SHERMAN, APOTEX HOLDINGS INC., APOTEX INC., and SHERMAN DELAWARE, INC., <br><br> Defendants. | SUBPOENA <br> IN A CIVIL CASE <br><br> Case No.: Misc. _____ <br> Case Pending: Southern District of New York <br><br> Case No. 98 Civ. 861 <br> Case No. 99 Civ. 3687 <br> (Consolidated) |

**AFFIDAVIT OF CARIE-MEGAN A. FLOOD PURSUANT TO LOCAL RULE 7.1.1 IN SUPPORT OF BRANTFORD CHEMICAL INC.'S MOTION TO COMPEL E.I. DU PONT DE NEMOURS & COMPANY TO COMPLY WITH SUBPOENA**

Carie-Megan A. Flood, being duly sworn, deposes and says:

1. I am a member of the State Bars of Illinois and Iowa. I am an associate with Lord, Bissell & Brook LLP, attorneys of record for defendant Brantford Chemicals Inc. ("Brantford") in the case *Geneva Pharmaceuticals Technology Corp. v. Barr Laboratories, Inc., et al.*, Case No. 98 Civ. 861 (DLC), pending in the United States District for the Southern District of New York (Cote, J.).

2. I have personal knowledge of the facts set forth in this affidavit and would competently testify to these facts under oath if called as a witness. I am personally familiar with the pleadings, correspondence, and documents exchanged in this litigation. I make this affidavit in connection with Brantford's efforts to obtain responsive documents from E.I. du Pont de Nemours & Company ("E.I. du Pont") pursuant to Brantford's September 6, 2005 subpoena.

3. On September 6, 2005, Brantford issued a subpoena *duces tecum* to E.I. du Pont to produce documents regarding its participation in the market for warfarin sodium crystalline clathrate. Brantford's subpoena to E.I. du Pont contains five (5) document requests. A true and correct copy of the subpoena and its proof of service is attached hereto as Exhibit 1.

4. E.I. du Pont did not timely serve Brantford with any objections to the subpoena, nor has E.I. du Pont produced any documents called for by the subpoena. Over the course of the past several weeks, and in accordance with Federal Rule of Civil Procedure 37, and District of Delaware Local Rule 7.1.1, I have engaged in several telephone conferences and exchanged letters with Karla R. Murray, a paralegal in the legal office of E.I. du Pont in an attempt to obtain E.I. du Pont's compliance with Brantford's subpoena. *See* Exhibit 2, including October 25, 2005, October 27, 2005, and November 14, 2005 letters from Carie-Megan Flood; and November 4, 2005 letter from Karla R. Murray.

5. On October 25, 2005, myself and John F. Kloecker, an attorney at Lord, Bissell & Brook LLP and counsel for Brantford, informed Ms. Murray, via telephone,

2

that Brantford previously issued a subpoena to E.I. du Pont on September 17, 1999, and issued a subpoena to DuPont Pharmaceuticals Company on August 31, 2000. We also informed Ms. Murray that Brantford and DuPont Pharmaceuticals Company entered into a letter agreement in order to resolve the 1999 and 2000 subpoenas. I also sent Ms. Murray, via facsimile, copies of the 1999 and 2000 subpoenas and the prior letter agreement between Brantford and DuPont Pharmaceuticals Company. *See* Exhibit 2, October 25, 2005 letter from Carie-Megan Flood.

6. I received a letter from Ms. Murray, dated November 4, 2005, asserting that the prior letter agreement between Brantford and DuPont Pharmaceuticals Company precludes Brantford from obtaining discovery from E.I. du Pont with its current subpoena. *See* Exhibit 2, November 4, 2005 letter from Karla R. Murray.

7. On November 14, 2005, I sent a letter to Ms. Murray advising her that the prior letter agreement was specifically limited to DuPont Pharmaceuticals Company and that the letter agreement does not preclude Brantford from issuing its current subpoena to E.I. du Pont. *See* Exhibit 2, November 14, 2005 letter from Carie-Megan Flood. In addition, I informed Ms. Murray that Judge Cote reopened discovery to allow the parties to explore the current structure of the warfarin sodium market and that Brantford's subpoena only seeks updated information from the period of January 1, 2000 through the present. *Id.*

8. Ms. Murray and E.I. du Pont's legal office ignored my letter, and to date, has ceased communicating with me regarding Brantford's subpoena to E.I. du Pont.

9. I declare under penalty of perjury that the foregoing is true and correct and this affidavit was executed by me on this day in Chicago, Illinois.

By: *Carie-Megan A. Flood*
Carie-Megan A. Flood

SIGNED AND SWORN TO
before me this 5th day of December, 2005

*Patsy-Ann Bates*
Notary Public

```
"OFFICIAL SEAL"
PATSY ANN BATES
Notary Public, State of Illinois
My Commission Expires 12/16/05
```

4