# EXHIBIT 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| GENEVA PHARMACEUTICALS, TECHNOLOGY CORP., as Successor in Interest to INVAMED, INC., Plaintiff, <br> v. <br> BARR LABORATORIES, INC. and BRANTFORD CHEMICALS INC.,    Defendants | **SUBPOENA IN A CIVIL CASE** <br><br> Case Number:[1]  98 Civ. 861 (RWS <br> (Pending in the Southern District of New York) |

TO: E.I. DuPont De Nemours & Co., Attn: Legal Department
    DuPont Building, Room 8042, 1007 Market Street
    Wilmington, DE 19898

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Rider.

| PLACE | DATE AND TIME |
|---|---|
| DuPont Building, Room 8042, 1007 Market Street, Wilmington, DE 19898 | September 23, 2005, 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| /s/ Carie M. Flood    Attorney for Defendant Brantford Chemicals Inc. | September 6, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Carie-Megan A. Flood, Lord, Bissell & Brook LLP, 115 South LaSalle Street, Chicago, IL 60603, (312) 443-0700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE<br>Attorney for Defendant Brantford Chemicals Inc. |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　(i) fails to allow reasonable time for compliance;
　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
　(iv) subjects a person to undue burden.
(B) If a subpoena
　(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# RIDER

## I. DEFINITIONS

1. "Warfarin sodium tablets" means any branded or generic pharmaceutical product (e.g. Coumadin®) in tablet form which contains the chemical compound warfarin sodium as an active drug substance.

2. "Bulk warfarin sodium" means the chemical compound warfarin sodium and/or clathrate intended for use in the production of warfarin sodium tablets.

3. The terms "you" and "your" mean the natural persons and business, legal or governmental entities or associations responding to this document request.

4. "DuPont" means E.I. du Pont de Nemours & Co., and any of its present and former affiliates, subsidiaries and divisions involved in the development, manufacture, acquisition or sale of bulk warfarin sodium or warfarin sodium tablets (including but not limited to DuPont Chemoswed, DuPont Pharmaceutical Co., The DuPont Merck Pharmaceutical Co., DuPont Scandinavia and DuPont Specialty Chemicals).

5. "BMS" means Bristol-Myers Squibb Company, and any of its present and former affiliates, subsidiaries, officers, directors, employees and agents.

## II. RELEVANT PERIOD

1. Unless otherwise specified, this Subpoena calls for documents generated during, or containing information relating to, the period January 1, 2000 through the present.

## III. DOCUMENT REQUESTS

### A. Instructions

1. You are requested to produce the originals of all documents called for herein, as well as any and all copies of documents which bear any mark or notation not present on the original.

1

2. You are requested to produce in redacted form documents which contain information subject to a privilege but which also contain non-privileged information responsive to these document requests.

**B.   Documents Requested**

1. All contracts between DuPont and BMS regarding bulk warfarin sodium USP.

2. Documents sufficient to show the amount of bulk warfarin sodium USP manufactured by DuPont for each year.

3. Documents sufficient to show DuPont's capacity to manufacture bulk warfarin sodium USP for each year.

4. Documents sufficient to show DuPont's sales of bulk warfarin sodium USP to purchasers other than BMS for actual or anticipated use in the manufacture of warfarin sodium tablets sold in the United States.

5. Documents referring to any actual or potential Drug Master File Authorizations or "Letters of Access" to FDA regarding bulk warfarin sodium.

# Affidavit of Process Server

UNITED STATES DISTRICT COURT DISTRICT OF DELAWARE
(NAME OF COURT)

| GENEVA PHARMAC. | vs | BARR LABORATORIES | 98 CV 861 RWS |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I __BARRY EVELAND__, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served __E.I. DUPONT DE NEMOURS & CO__
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) __SUBPOENA__

by leaving with __MARIE MANUAL (PROCESS AGENT)__ At
NAME         RELATIONSHIP

☐ Residence _____
ADDRESS         CITY / STATE

☒ Business  __1007 N. MARKET ST. WILMINGTON, DE__
ADDRESS         CITY / STATE

On __9/8/05__ AT __10:45 AM__
DATE         TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY    STATE    ZIP

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Cancelled by Litigant    ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist    ☒ Other _____

**Service Attempts:** Service was attempted on: (1) _____ (2) _____
DATE    TIME    DATE    TIME
(3) _____ (4) _____ (5) _____
DATE    TIME    DATE    TIME    DATE    TIME

**Description:** Age __50__ Sex __F__ Race __W__ Height __5'6__ Weight __140__ Hair __BROWN__ Beard _____ Glasses _____

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this __9TH__ day of __AUGUST__, 200__5__.

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Nov. 23, 2006

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of __DELAWARE__

FORM 2    NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS